IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| COURTNEY L. MORGAN | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-13-1394 |
| CITY OF ROCKVILLE, MARYLAND, *et al.* | * |
| Defendants. | * |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order disposes of Defendants' Motion for Sanctions and Memorandum in Support. (ECF No. 30). The Court finds that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendant's Motion for Sanctions shall be DENIED.

I.      BACKGROUND

Plaintiff filed a complaint in the Circuit Court for Montgomery County on April 4, 2013, which was removed to this Court on May 13, 2013. (ECF No. 1). The original Complaint alleged violations of Title VII (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981. (ECF No. 2). On July 5, 2013, Plaintiff requested leave to file an Amended Complaint (ECF No. 9), which was granted. (ECF No. 11). The Amended Complaint does not include the two previous counts, and instead alleges violations of 42 U.S.C. § 1983. (ECF No. 13). Among other allegations, the Amended Complaint alleges that plaintiff was fired from her employment based on her race. On

July 24, 2013, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 10). In its Memorandum in Support, Defendants relied upon a line of cases, originating with *Proud v. Stone*, 945 F.2d 796 (4th Cir. 1991), which stand for the proposition that it is improbable that discriminatory animus is at play when the same person hires and fires the plaintiff in a lawsuit as the plaintiff's membership in a protected class does not change from the point of hiring to the point of firing. (ECF No. 15). In its Memorandum in Opposition, Plaintiff asserted that the person allegedly responsible for Plaintiff's firing, Susan Swift, was not "involved" in Plaintiff's hiring. (ECF No. 16).

On December 30, 2013, the Court denied Defendants' Motion to Dismiss. (ECF No. 21). Regarding the *Proud* inference, the Court noted that the inference applies when "the hirer and firer are the same *individual*." See *id.* (citing *Proud*, 945 F.2d at 797) (emphasis in original). Notably, however, the Court also found that it was "unclear whether the inference recognized in *Proud* is applicable at the motion to dismiss stage, where all inferences must be drawn in favor of the Plaintiff." *Id.* (citing *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1996)).

Defendants now allege that Plaintiff's statement regarding the lack of involvement by Ms. Swift in the hiring process was a material misrepresentation to the Court and that this misrepresentation, along with their refusal to retract the alleged misrepresentation, amount to a violation of Federal Rule of Civil Procedure 11(b)(3). (ECF No. 30). Defendants accuse Plaintiff's counsel of failing to conduct a reasonable investigation regarding these facts prior to making the assertion. Defendants further contend that this assertion was detrimental to their motion to dismiss to the extent it bared upon the Court's analysis of the *Pound* inference. Defendants assert that Plaintiff failed to retract its misrepresentation even after Defendants presented Plaintiff's counsel with what Defendant believes to be documentary proof that the

representation was false in the form of an interoffice memorandum, dated June 17, 2011, from Ms. Swift to Scott Ullery, City Manager.

At the Court's request, Plaintiff has filed an opposition to the Motion for Sanctions. (ECF 39). *See* Loc. R. 105.8. Plaintiff contends that Plaintiff has not violated Rule 11(b)(3) because the representation that Ms. Swift was not involved in Plaintiff's hiring was made in good faith. Plaintiff supports this contention by noting that, at the time of Plaintiff's hiring, Ms. Swift was the Director of the Parks and Planning Department and pursuant to Rockville Municipal Code Section 15-3 (b) (4-5), it is the City Manager, not the Director of the Parks and Planning Department, who hires and fires employees within the City of Rockville.

## II.   DISCUSSION

Defendants seek sanctions pursuant to Fed. R. Civ. P. 11(b)(3), which provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

The language of Rule 11 requires that an attorney conduct a reasonable investigation of factual contentions before filing. *See Cleveland Demolition Co., Inc. v. Azcon Scrap Corp., a Div. of Gold Field Am. Indus., Inc.*, 827 F.2d 984, 987 (4th Cir. 1987). The attorney's pre-filing investigation must uncover some factual basis to support the factual allegations in the filing. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir.1991). Only when an allegation is

not supported by *any* evidence are Rule 11 sanctions appropriate. *Id.* This is an objective standard; a court may impose Rule 11(b) sanctions when an attorney maintains a position to a court and under "a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (internal quotation marks and citation omitted). However, "Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Brubaker*, 943 F.2 1363 at 1373. It is well-established in this Court that sanctions should be imposed sparingly. *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D. Md. 1994).

Here, Plaintiff relied on Rockville's Municipal Code in asserting that Ms. Swift was not involved in Plaintiff's hiring. Plaintiff notes that, at the time of Plaintiff's hiring, Ms. Swift was the Director of the Parks and Planning Department and that pursuant to one of the code's provisions, the City Manager hires employees. The Municipal Code provision qualifies as some evidence, albeit slim, that Ms. Swift was not involved in hiring Plaintiff.[1] As such, this case is unlike *Chaplin v. Du Pont Advance Fiber Sys.*, 124 Fed. Appx. 771 (4th Cir. 2005) (unpublished), which Defendants use to support their motion for sanctions. In *Chaplin*, plaintiffs asserted that they requested an accommodation of their religious beliefs prior to the filing of their Equal Employment Opportunity Commission charge. *Id.* at 774. To the contrary, however, the

---

[1] It is also noteworthy in this context that even according to Defendants' internal memorandum, Ms. Swift did not directly hire Plaintiff but rather recommended to the City Manager that Plaintiff be hired. *See* Def. Mot. for Sanctions, Exhibit A. *Proud* and its progeny address situations where the same individual directly hired and fired the employee, not where the individual was merely "involved" in the hiring or firing. *See Proud*, 945 F.2d at 797 ("in cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer").

Court found that *no* evidence existed in the record to suggest that plaintiffs requested the accommodation prior to the filing of their charge. *Id.* Here, there appears to be at least some basis, even if marginal, upon which Plaintiff could contend that Ms. Swift was not involved in the hiring process. While it certainly appears that there may be more substantial evidence to the contrary, including, according to Defendants Reply Memorandum (ECF No. 44), recent deposition testimony of the Plaintiff, a reasonable attorney could have believed that making the allegation was legally justified at the time it was made. While the Court does have some concern about the level of investigation performed by Plaintiff's counsel prior to making the assertions in its Opposition to the Motion to Dismiss, this case is not one of the rare instances in which Plaintiff's or his counsel's actions warrant Rule 11 sanctions. Defendants' Motion for Sanctions IS DENIED.

July 24, 2014

_____
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE